Jay Barnes (09874)
Law Office of Jay Barnes
P.O. Box 550
St. George, UT 84771
Tel: (435) 652-8500
Fax: (435) 652-8599
jay.barnes@jaybarneslaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| DARLA ROSE LOW,<br><br>    Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY<br><br>    Defendant. | **COMPLAINT FOR LONG TERM DISABILITY BENEFITS**<br><br>Case No: 4:22-cv-00022-DN<br><br>Judge David Nuffer |

Plaintiff, Darla Low (hereinafter "Ms. Low"), by and through her undersigned counsel, complains and alleges against The Lincoln National Life Insurance Company (hereinafter "Lincoln") as follows:

**PARTIES**

1. Ms. Low is an individual residing in Washington County in the Southern Division of the Utah District and was a participant, beneficiary, and insured under

1

a Long-Term Disability plan covered by the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiff's employer, Walmart, Inc. sponsored an employee welfare benefit plan which provided both short and long-term disability benefits.

2. Defendant Lincoln is a corporation organized under the laws of the State of Indiana with its principal place of business in Fort Wayne, Indiana. Prior to October 1, 2021, Lincoln was known as Lincoln Life Assurance Company of Boston. Lincoln is a wholly-owned subsidiary of Lincoln National Corporation. "Lincoln Financial Group" is the marketing name for Lincoln National Corporation and its subsidiaries. Letters from Lincoln were on "Lincoln Financial Group" letterhead.

3. At all times material herein, defendant Lincoln administered Walmart, Inc.'s employee welfare benefit plan and is a Plan Administrator under ERISA. On January 1, 2016, Defendant Lincoln issued a Group Disability Income Policy to Walmart, Inc. as policyholder. The policy was renewed annually. The policy number is GD/GF3-850-290765-01. Lincoln served as both insurer and administrator of Walmart Inc.'s employee welfare benefit plan.

## JURISDICTION

4. Ms. Low brings this action against Defendant for damages caused by the Defendant's breach of statutory, contractual, and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974 29 U.S.C. §1001 *et. seq.* ("ERISA").

5. This action is brought pursuant to 29 U.S.C. §1132(a)(1)(B) which empowers a participant or beneficiary to bring a civil action under ERISA to recover benefits, and 29 U.S.C. §1132(e)(1), which grants jurisdiction to the district courts of the United States.

6. Under 29 U.S.C. §1132(f) the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

## VENUE

7. Venue is proper pursuant to 29 U.S.C. §1132(e)(2) because one or more of the breaches complained of in this complaint occurred in the Southern Division of the Utah District.

# FACTS

**LTD Policy**

8.  On April 24, 2020, Ms. Low was employed by Walmart, Inc., working at its distribution center in Washington County, UT, and was a participant, beneficiary and insured in the Walmart, Inc.'s employee welfare benefit plan.

9.  Lincoln's LTD policy provides differing benefits for different classes of employees. Ms. Low was a full-time, non-Puerto Rico, salaried management employee, enrolled in the 60% plan, described as Class C2 in the LTD Policy.

10. The LTD Policy provides that Class C2 participants will receive 60% of *Basic Monthly Earnings* or a maximum of $15,000 monthly, less *Other Income Benefits* and Other Income Earnings, beginning after a 180-day elimination period, for a period of 24 months, if the participant becomes unable to do the *Material and Substantial Duties* of their *Own Occupation*, due to Injury or *Sickness,* including *Mental Illness*. The LTD Policy defines the italicized terms as follows:

   a. *Basic Monthly Earnings* - means the Covered Person's monthly rate of earnings from the Sponsor for the prior 26 pay periods immediately prior to the last day worked, divided by 12. Such earnings will include bonuses, overtime pay, vacation pay, illness protection and personal

pay. However, such earnings will not include commissions, other fringe benefits or any other extra compensation.

b. *Other Income Benefits* – includes the amount of Disability and/or Retirement Benefits under the United States Social Security Act.

c. *Material and Substantial Duties* - with respect to Long Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.

d. *Own Occupation* - with respect to Long Term Disability, means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Lincoln will consider the Covered Person's occupation as it is performed at Wal-Mart Stores, Inc.

e. *Sickness* - means illness, disease, pregnancy or complications of pregnancy.

f. *Mental Illness* - means a psychiatric or psychological condition classified as such in the most current edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM) regardless of the underlying cause of the Mental Illness. If the DSM is discontinued,

Lincoln will use the replacement chosen or published by the American Psychiatric Association.

11. After benefits are paid for a period 24 months, the definition of disability changes to provide benefits only if the participant is unable to perform the Material Duties of Any Occupation. Any Occupation means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.

12. The LTD Policy does not provide for payment of any benefits after benefits are paid for a period 24 months if the disability is the result of Mental Illness, unless the person is confined to a hospital or institution for mental illness and/or substance abuse or participating in an extended treatment plan, in which case benefits will be paid for the period of confinement or up to 36 months respectively.

13. If the participant is less than 62 years old at Disability, benefits remain payable, as long as the employee remains disabled as defined by the Plan, until the recipient reaches Social Security Normal Retirement Age.

14. The LTD policy states that it is governed by the laws of the State of Arkansas.

**Disability**

15. On April 24, 2020, Ms. Low stopped working because of medical conditions and resulting limitations making her unable to perform the material and substantial duties of her own or any other occupation.

16. Ms. Low was unable to continue working because the limitations from her medical conditions prevented her from performing the responsibilities normally required of her job at Walmart.

17. The Social Security Administration found Ms. Low disabled as of April 24, 2020.

**Lincoln's Denials**

18. Ms. Low made application for Short Term Disability benefits under Walmart Inc's employee welfare benefit plan. Defendant Lincoln granted the application and paid short term disability benefits through October 26, 2020.

19. Ms. Low made application for Long Term Disability benefits under Walmart Inc.'s employee welfare benefit plan. Defendant Lincoln denied plaintiff's application on December 8, 2020, and again on September 17, 2021.

20. Plaintiff has exhausted her administrative remedies.

## RELIEF REQUESTED

21.     Plaintiff requests that this Court order entitlement to Long Term Disability benefits with payment of benefits that have accrued, award of attorney fees and costs, and any other relief the Court deems just and equitable in the premises.

22.     Plaintiff requests that this Court require defendant to answer this complaint and supply the Court with copies of the administrative record, the Summary Plan Description, all applicable plan documents, and the insurance policy.

Dated this 31st day of March, 2022

**/s/ Jay Barnes**
Jay Barnes, Attorney for Plaintiff
Law Office of Jay Barnes
P.O. Box 550
St. George, UT 84771
Tel: (435) 652-8500
Fax: (435) 652-8599
jay.barnes@jaybarneslaw.com